UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD HAIDER AGHA HASAN, Plaintiff, v. JON S. TIGAR, et al., Defendants. | Case No. 19-cv-04553-HSG<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS, MOTION FOR DISCLOSURE OF FINANCIAL INTERESTS, MOTION TO RELATE CASES, AND MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING**<br><br>Re: Dkt. Nos. 2, 3, 4, 5 |

Pending before the Court are Plaintiff's motion to proceed in forma pauperis, motion for disclosure of financial interests, motion to relate cases, and motion for permission for electronic case filing ("e-filing"). Dkt. Nos. 2, 3, 4, 5. Plaintiff Mohammad Haider Agha Hasan brings this action against the Honorable Jon S. Tigar and the Honorable Jeffrey S. White of the United States District Court, Northern District of California. Dkt. No. 1 ("Compl."). Plaintiff's motion to proceed in forma pauperis is **DENIED** and the Court **DISMISSES** the Complaint with leave to amend. The Court further **DENIES** Plaintiff's motion for disclosure of financial interests, motion to relate cases, and motion for permission for e-filing.

## I. LEGAL STANDARD

The Court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be litigants cannot pay the filing fees necessary to pursue the action and that the action is not frivolous or malicious. 28 U.S.C. § 1915(a)(1); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). 28 U.S.C. § 1915(e)(2) mandates that the Court review an in forma pauperis complaint before directing the United States Marshal to serve the complaint. *Escobedo*, 787 F.3d at 1234 & n.7. The Court must dismiss a complaint if it fails to state a claim

upon which relief can be granted. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127-31 (9th Cir. 2000)). The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must provide the grounds that entitles a plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiff is pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## II. DISCUSSION

Even construing the Complaint liberally and affording Plaintiff the benefit of the doubt, the Court finds that Plaintiff's Complaint does not state any cognizable claims. Plaintiff merely alleges, without any factual support, that Judge White and Judge Tigar "injured" Plaintiff, and that Plaintiff "suffered from the injuries inflicted by" Judge White and Judge Tigar. Compl. at 8. He purportedly brings this action under the "United States Constitution," "United States Code," and "Common Law." *Id*. at 9. These bare, conclusory allegations are clearly insufficient to state a claim for relief, as the Complaint is devoid of even a single allegation as to what Judge White and Judge Tigar purportedly did to "injure" Plaintiff.

"Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). The Court finds that Plaintiff has failed to meet that minimum

threshold and accordingly **DENIES** his request for leave to proceed in forma pauperis and **DISMISSES** his Complaint.

While the Court is doubtful that Plaintiff can successfully amend his claims, the Court cannot say at this stage that amending the complaint would be entirely futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). However, to the extent Plaintiff's amended complaint rests on allegations of actions taken by Judge White and Judge Tigar in their roles as judicial officers, Plaintiff's case will be subject to dismissal with prejudice. Judges are absolutely immune from civil liability for damages for acts performed in their judicial capacities. *See Pierson v. Ray*, 386 U.S. 547, 553–55 (1967) (judges immune from liability for damages for acts committed within their judicial discretion; immunity extends to suits under 42 U.S.C. § 1983); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (judge is not "deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority") (quotations and citation omitted); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judicial immunity not overcome by allegations of bad faith or malice). Plaintiff's assertion that he does not have to "explain his legal theory for overcoming a 'possible' defense of judicial immunity" is clearly contrary to well-established law.

Plaintiff also moves for the Court to order "its judicial officer" to provide financial disclosure documents. Dkt. No. 3. The Court lacks authority to grant the requested relief and **DENIES** the motion. The Court also finds no basis for relating the other pending cases and **DENIES** Plaintiff's motion to relate. Dkt. No. 4. The further Court **DENIES AS MOOT** Plaintiff's motion for permission for e-filing. Dkt. No. 5.

## III. CONCLUSION

The Court **DENIES** Plaintiff's motion to proceed in forma pauperis and **DISMISSES** his complaint. *See* Dkt. No. 2. The Court further **DENIES** Plaintiff's motion for disclosure of financial interests, motion to relate cases, and motion for permission for e-filing. *See* Dkt. Nos. 3, 4, 5. Plaintiff shall file any amended complaint by no later than September 30, 2019. Failure to file an amended complaint by the deadline may result in the dismissal of the action in its entirety

3

without further leave to amend. In addition, Plaintiff's amended complaint will be dismissed with prejudice if it only alleges judicial actions by Judge White and Judge Tigar. Alternatively, Plaintiff may pay the required filing fee by the September 30, 2019 deadline.

**IT IS SO ORDERED.**

Dated: 9/16/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge